UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Application Regarding | No. ___19—MC—45___ |
| 19-104-04 | APPLICATION FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE, AND FOR SUBSCRIBER INFORMATION "REDACTED" |

The United States of America, moving by and through Assistant United States Attorney Jennifer Mammenga, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C § 3123, authorizing the continued installation and use of a pen register and trap and trace device or process ("pen-trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication on telephone number ▮▮▮▮▮▮▮ referred to as the (Target Cell Phone) described in Attachment A and the disclosure of subscriber information, including the names and addresses (whether listed or unlisted), billing information, and periods of telephone activation for all numbers dialed or connections made to and from the Target Phone, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2) and 2703(d).   The Order requested requires any local, long distance or wireless telephone carrier, and any other person or entity providing electronic or wire communication service in the United States whose assistance may facilitate execution of the requested Court Order.

In support of this application, the United States asserts:

1.     Applicant is an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and, therefore, pursuant to 18 U.S.C. § 3122, United States Code, may apply for an order authorizing the installation of a trap and trace device and pen register.

2.     Applicant certifies that the Drug Enforcement Administration is conducting a criminal investigation of ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ and others as yet unknown, in connection with possible violations of 21 U.S.C. §§ 841(a)(1) and 846; it is believed that the subjects of the investigation are using the Target Phone in furtherance of the subject offenses; and that the information likely to be obtained from the pen register and trap and trace device

is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offenses.

3.     Applicant requests that the Court issue an order authorizing the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling information transmitted by Sprint Corporation, ▇▇▇▇ ▇▇▇▇▇▇ (Target Cell Phone), and a trap and trace device to capture the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, for a period of 60 days, provided, however, that such information shall not include the contents of any communication.

4.     Applicant requests further that the order direct the furnishing of information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap and trace device as provided in 18 U.S.C. § 3124.

5.     Applicant requests further that the order direct that the results of the trap and trace device be furnished to the officer of a law enforcement agency, designated in the court order, at reasonable intervals during regular business hours for the duration of the order.

6.     With regard to the requirement of 18 U.S.C. § 3121(c) that the Drug Enforcement Administration use technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communications, the Drug Enforcement Administration is not aware of any such technology.

7.     Applicant further requests that the Court's Order direct service providers, upon request, to notify of any and all changes (including additions, deletions and transfers) in service regarding the Target numbers and subscriber information (published, non-published and unlisted) associated with these changes.

8.     Applicant further requests that the Court's Order direct service providers to furnish the results of the pen register and trap and trace installations, as well as subscriber information requested below, to Agents/Investigative Research Specialist of the Drug Enforcement Administration as soon as practicable, twenty-four hours a day, for the duration of the order.

[2]

9.      In  support  of  its  request  for  an  order  under  18  U.S.C.  §§ 2703(c)(1)(B),  2703(c)(2),  and  2703(d),  directing  the  disclosure  of  subscriber information,  the  government  hereby  sets  for  the  following  facts  showing  there are  reasonable  grounds  to  believe  that  such  subscriber  information  will  be relevant and material to an ongoing criminal investigation:

10.     I am advised by Steven Ebmeier, Special Agent, Drug Enforcement Administration, of the following.

11.     The  telephone  that  is  the  subject  of  this  application  is  currently assigned telephone number ███████████ (Target Phone) and operated on the network of Sprint Corporation.

12.     In April 2019, the DEA Sioux Falls Resident Office in conjunction with  the  South  Dakota  Division  of  Criminal  Investigation  (DCI)  and  the  Sioux Falls  Area  Drug  Task  Force  (SFADTF)  began  investigating  the ███████████

13.     A  review  of ███████████



14.    On May 4, 2019, as part of monitoring

15.    On May 29, 2019, through the monitoring of

16.    In approximately July 2019, through the continued monitoring of



17.   On August 5, 2019, agents monitored a three-way telephone call between ████████ where they discussed a female, identified as ████████ was sending to pick up "3." ████████ then told ████████ now has two telephone numbers and identified one of those telephone numbers as ████████████████ that he could try to contact "████" on both of her telephone numbers. CAMACHO further advised that "████" would be bringing with her "10." "████" advised that this would be fine and indicated that it would ████████ ████. Based on this investigation, agents were aware that ████ was working on behalf of the ████████, transporting and distributing methamphetamine and was believed to be the "████" ████████████ were discussing. Based on the DEA agent's training, experience and knowledge of this investigation, the DEA agent believes that ████████ was telling "████" that he was sending ████████████ to pick up three (3) pounds of methamphetamine and she would provide the person giving her the methamphetamine with $10,000 USC. The DEA agent further believes that ████████ was identified as using cellular telephone number ████████.

18.   On August 6, 2019, agents conducted surveillance of ████████

████████

19. Following this meeting between █████████████████



20. On August 9, 2019, agents issued an Administrative Subpoena to Sprint, for the **Target Cell Phone**. On this same date, agents received a response from Sprint who provided documents showing the **Target Cell Phone** was a pre-paid account, listed to "███████████" with no additional identifiers. Sprint further provided call detail records for the **Target Cell Phone** account, for the dates of July 1, 2019 thru August 8, 2019. A review of these call detail records showed there were 23 contacts between the **Target Cell Phone** and telephone number ███████████, used by █████████, all of which occurred on ██████ ████. Additional analysis of these 23 contacts showed that they occurred between 7:33 a.m. and 6:16 p.m., with several contacts occurring during the time █████████ was in Omaha, Nebraska. In addition to the **Target Cell Phone** being in contact with █████████ on this date, agents further found there were several communications between the **Target Cell Phone** and Mexico based telephone number ███████████, used by "███████." Based on my training and experience, I am aware that it is common for drug traffickers to use pre-paid cellular telephone accounts, listed in fictitious names, in an effort to thwart detection by law enforcement. Based on the foregoing, I believe that the user of the **Target Cell Phone** either coordinated the drug transaction between ███████████████████████████████████████.

21. Disclosure of this application, the court's order, or the fact that the requested records have been produced to the Drug Enforcement Administration may seriously jeopardize this pending investigation.

22. Based on the specific and articulable facts set forth above, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2) and 2703(d), I request that service providers be ordered to supply subscriber information (including the names and addresses, whether listed or unlisted, billing information, and periods of telephone activation) related to the dialing, routing, addressing or signaling information captured by the pen register or trap and trace devices on the Target Telephone Number, immediately upon request twenty-four hours a day for all published and non-published telephone numbers identified by a pen register as having called or been called from the Target Telephone Number. For the purposes of this request, "service provider" shall include, but not be limited to: TracFone

and Verizon, Comcast, T-Mobile, Sprint Spectrum LP, Spring PCS, Airtouch Cellular, Sprint, Nextel, Sprint-Nextel, Qwest, Qwest Wireless, American Telephone and Telegraph (AT&T), AT&T Wireless, American Wireless, Ameritech, GTE, New York NEX, CellCo Partnership DBA Verizon Wireless, Voicestream, Pacific Bell, Virgin Mobile USA, Cingular, MCI, Southwestern Bell, SBC, PageNet, Mobile Radio Communications, Mobile Com, and PageMart.

23.    Based on the information provided in this application, I believe that the disclosure of the requested Court Order may result in flight from potential prosecution, destruction of evidence, or may otherwise seriously jeopardize the investigation.    Therefore, pursuant to 18 U.S.C. §§ 2705(b) and 3123(d), I further request that the Court direct service providers, their agents and employees, not to disclose in any manner, to subscribers or to any other person, the existence of the Court's Order in any form, the existence of the pen register trap and trace devices, or the existence of this investigation, unless otherwise ordered by this Court. I further request that this Application and the Order be sealed until otherwise ordered by this Court.

24.    WHEREFORE, it is respectfully requested that the Court grant an order authorizing the installation and use of a pen register and trap and trace device, and directing Sprint Corporation, to forthwith furnish agents of the Drug Enforcement Administration with all information, facilities and technical assistance necessary to accomplish the installation of the trap and trace device and pen register on the Target Telephone, and further to require all service providers to provide the requested subscriber information.

Executed on this ___11th___ day of August 2019.

RONALD A. PARSONS, JR.
United States Attorney



Jennifer D. Mammenga
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone:   (605)357-2361
Facsimile:   (605)330-4410
E-Mail:   Jennifer.Mammenga@usdoj.gov

ATTACHMENT A "REDACTED"

| Facility | Account Number or identifier | Subscriber, if known | Subject of investigation, if known |
|---|---|---|---|
| Sprint Corporation | ███████████ | "█████████" | Unknown |

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

In the Matter of the Application
Regarding

19-104-04

No. _____ 19-MC-45 _____

ORDER FOR PEN REGISTER AND
TRAP/TRACE DEVICE "REDACTED"

---

Jennifer D. Mammenga, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. § 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device or process ("pen/trap device") on all electronic or other transmissions of data passing through the Sprint Corporation accounts identified in Attachment A (herein referred to as SUBJECT ACCOUNTS).

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration of unknown individuals in connection with possible violations of 21 U.S.C. §§ 841(a)(1) and 846, distribution and conspiracy to distribute controlled substances.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that a pen-trap device may be installed by Sprint Corporation and the Drug Enforcement Administration to record, decode, and/or capture all non-content dialing, routing, addressing, and signaling information associated with each communication to or from the SUBJECT ACCOUNTS, including the date, time, and duration of the communication, and to record user log-in data (date, time, duration, and Internet Protocol address of all log-ins) on the SUBJECT ACCOUNTS.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for a period of sixty days (60), beginning at any time within 14 days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) & 3124(a)-(b), that Sprint Corporation and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap device, including installation and

operation of the pen-trap device unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the Drug Enforcement Administration reasonably compensate Sprint Corporation and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that Sprint Corporation and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the Drug Enforcement Administration of any changes relating to the SUBJECT ACCOUNTS, including changes to subscriber information, and to provide prior notice to the Drug Enforcement Administration before terminating or changing service to the SUBJECT ACCOUNTS;

IT IS FURTHER ORDERED that the Drug Enforcement Administration and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the Drug Enforcement Administration, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Sprint Corporation and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that Sprint Corporation may disclose this Order to an attorney for Sprint Corporation for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order, and shall provide copies of this Order to the Drug Enforcement Administration and Sprint Corporation upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

Dated: ___8-16-19___

BY THE COURT:

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

[2]

ATTACHMENT A "REDACTED"

| Facility | Account Number or identifier | Subscriber, if known | Subject of investigation, if known |
|---|---|---|---|
| Sprint Corporation | ██████████ | "██████████" | Unknown |